UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EHIANETA ARHEBAMEN,

        Petitioner,

                                          CASE NO. 2:12-CV-11627
v.                                   HONORABLE VICTORIA A. ROBERTS

BICE, et al.,

        Respondents.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

Mark Ehianeta Arhebamen ("Petitioner"), an inmate at the Calhoun County Jail in Battle Creek, Michigan, has filed a *pro se* petition pursuant to 28 U.S.C. § 2241 challenging the suitability of the jail. Specifically, he alleges that he is being denied proper medical care and a proper vegan diet at the jail. Petitioner requests that he be given a proper vegan diet with protein, better medical care, including anti-seizure medication for a brain injury, and/or release from custody. For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which habeas relief may be granted and dismisses the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

### II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the

Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioner is not challenging the fact or duration of his confinement and he raises no challenge to his criminal proceedings in his petition. Rather, he complains of his treatment at the Calhoun County Jail. Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2241 (or 2254). *See Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004) (ruling that § 2241 is not a vehicle for challenging prison conditions); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). Such claims are more properly brought in a civil rights action filed pursuant to 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 498-99; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Because Petitioner's claims concern his medical care and nutrition while in state custody and do not concern his criminal proceedings or the validity of his confinement, he fails to state a claim for habeas relief under 28 U.S.C. § 2241 and his petition must be dismissed.

III.

For the reasons stated, the Court concludes that Petitioner has failed to state a claim upon which federal habeas relief may be granted in his petition. Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. This dismissal is without prejudice to the filing of a civil rights complaint in the appropriate court upon the exhaustion of administrative remedies. The Court makes no determination as to the merits of such a complaint.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has made no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

                                                              S/Victoria A. Roberts
                                                              VICTORIA A. ROBERTS
                                                              UNITED STATES DISTRICT JUDGE

Dated: April 16, 2012

| The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Arhebamen  by electronic means or U.S. Mail on April 16, 2012. |
| --- |
| s/Carol A. Pinegar<br>Deputy Clerk |